*1130 Memorandum: As limited by its brief, defendant-appellant, Stella Maris Insurance Company, Ltd. (SMI), appeals from an order denying its motion pursuant to CPLR 3211 (a) (8) seeking to dismiss the complaint in this declaratory judgment action on the ground that New York lacks personal jurisdiction over it. SMI is a single-parent captive insurance company doing business in the Cayman Islands. Its sole shareholder, Catholic Health East (CHE), a not-for-profit Pennsylvania corporation that is authorized to do business in New York, has a joint operating agreement with Catholic Health System, which is the sole member of Sisters of Charity Hospital (Sisters Hospital) in Buffalo. CHE and its affiliates, including Catholic Health System and, in turn, Sisters Hospital, are named as “covered persons” in the professional liability policy issued by SMI to CHE. In the underlying medical malpractice action, defendant Nicholas Serio alleges medical malpractice by, inter alia, plaintiff in connection with the birth of his daughter at Sisters Hospital. Plaintiff commenced this action seeking a declaration that SMI is obligated to indemnify him in connection with the underlying medical malpractice action, but the sole issue before us is whether Supreme Court properly denied SMI’s motion to dismiss the complaint for lack of personal jurisdiction.
CPLR 302 (a) provides in relevant part that “a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state” (emphasis added). “While the ultimate burden of proof rests with the party asserting jurisdiction, ... in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), [plaintiff] need only make a prima facie showing that the defendantf, here, SMI,] was subject to the personal jurisdiction of the Supreme Court” (Cornely v Dynamic HVAC Supply, LLC, 44 AD3d 986, 986 [2007]). We conclude that plaintiff sustained that burden here, and we therefore affirm.
*1131 As a preliminary matter, we agree with SMI that plaintiff failed to make a prima facie showing that SMI transacts business within New York State. Insurance Law § 1101 (b) (1) governs acts in this state that constitute “doing an insurance business” for purposes of long-arm jurisdiction. The record establishes that SMI and CHE negotiated the insurance contract in the Cayman Islands; that the policy was issued in the Cayman Islands, where it was delivered to CHE; and that CHE retains the policy in Pennsylvania (see § 1101 [b] [1] [A]). Further, CHE pays premiums to SMI; SMI does not collect premiums from CHE’s New York affiliates (see § 1101 [b] [1] [C]). Thus, plaintiff failed to present prima facie evidence that any of the enumerated activities were conducted in this state, as required by Insurance Law § 1101 (b) (1) (A) and (C) (cf. Caronia v American Reliable Ins. Co., 999 F Supp 299, 303 [ED NY1998]). We note that, in any event, under the facts presented here, Insurance Law § 1101 (b) (2), which enumerates activities that “shall not constitute doing an insurance business in this state,” would apply inasmuch as the policy was “negotiated, issued and delivered without this state in a jurisdiction in which [SMI] is authorized to do an insurance business,” i.e., the Cayman Islands (§ 1101 [b] [2] [E]). We therefore conclude that plaintiff failed to make a prima facie showing that SMI transacts business in New York State (see CPLR 302 [a] [1]).
We nevertheless conclude that plaintiff made a prima facie showing that SMI contracted in the Cayman Islands to provide services in New York (see CPLR 302 [a] [1]), and thus that the exercise of long-arm jurisdiction is appropriate (see Insurance Co. of N. Am. v Pyramid Ins. Co. of Bermuda Ltd., 1994 WL 88754, *2, 1994 US Dist LEXIS 2994, *4-6 [SD NY 1994]; see generally Armada Supply Inc. v Wright, 858 F2d 842, 849 [2d Cir 1988]; Twin City Fire Ins. Co. v Harel Ins. Co. Ltd., 2011 WL 3480948, *2, 2011 US Dist LEXIS 87217, *5-6 [SD NY 2011]; Caronia, 999 F Supp at 300-301). Although, by its nature, a single-parent captive insurance company insures only its parent and, indeed, CHE is named as the insured in the policy, here, the policy itself states that the “persons insured” are the covered persons, i.e., CHE and its named affiliates, which include Catholic Health System, the sole member of Sisters Hospital, as well as the employees and contract physicians of the covered persons (see generally Hudson Ins. Co. v Oppenheim, 35 AD3d 168 [2006]). Further, plaintiff provided the deposition testimony of CHE’s vice-president who also serves as SMI’s president and CEO, who testified that the list of physicians who contract with Sisters Hospital is provided to SMI’s broker and actuary, and that SMI issues a certificate of insurance to him *1132 for CHE and Catholic Health System. We therefore conclude that plaintiff made a prima facie showing that SMI contracted with CHE to insure professional liability risks in New York, and thus that it is subject to the exercise of long-arm jurisdiction (see Armada Supply Inc., 858 F2d at 849; see generally Hudson Ins. Co., 35 AD3d at 168).
We further conclude that “the exercise of jurisdiction comports with due process” (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]; see Andrew Greenberg, Inc. v Sirtech Can., Ltd., 79 AD3d 1419, 1420 [2010]), i.e., that SMI has the requisite minimum contacts with New York (see LaMarca, 95 NY2d at 216), and that the “prospect of defending [this action] . . . comport[s] with traditional notions of fair play and substantial justice” (id. at 217 [internal quotation marks omitted]). Although SMI itself has no direct contacts with New York, we conclude that, based on its policy language that the contract physicians of Sisters Hospital, a “covered person,” are “insured,” the minimum contacts requirement has been met (see generally Hudson Ins. Co., 35 AD3d at 168-169). We further conclude that permitting the action to proceed in New York comports with notions of fair play and substantial justice inasmuch as the remaining defendants, as well as plaintiff, either are residents of New York or are authorized to do business in New York, and the alleged basis for liability occurred in New York (see generally Armada Supply Inc., 858 F2d at 849). Furthermore, we note that, in connection with a declaratory judgment action that SMI commenced against plaintiff in Federal District Court in Pennsylvania, SMI requested as alternative relief that the matter be transferred to Federal District Court in New York.
Finally, we agree with SMI that plaintiff failed to make a prima facie showing that jurisdiction exists on the alternative theories that it is a “mere department” of CHE, or that CHE is SMI’s agent, and thus that CHE’s actions may be attributed to SMI. Although CHE is the sole shareholder of SMI, and the two corporations share certain executive personnel and one board member, those are “factors [that] are intrinsic to the parent-subsidiary relationship and, by themselves, [are] not determinative” (Porter v LSB Indus., 192 AD2d 205, 214 [1993]). Here, the record establishes that SMI and CHE maintain corporate formalities inasmuch as the policy was negotiated between CHE and the management company with which SMI contracts to run its day to day operations; that CHE does not have access to SMI’s bank accounts; that there is no commingling of funds or investments; and that SMI’s board, although appointed by CHE, *1133 owes a fiduciary duty to SMI. We therefore conclude that plaintiff has failed to make a prima facie showing that CHE’s “control over [SMI’s] activities ‘[are] so complete that [SMI] is, in fact, merely a department of [CHE]’ ” (id. at 213). Further, we reject plaintiffs contention that CHE, the parent corporation, acted as an agent of its wholly owned subsidiary SMI with respect to doing business in New York in connection with Catholic Health System and Sisters Hospital (see generally Frummer v Hilton Hotels Intl., 19 NY2d 533, 537-538 [1967], rearg denied 20 NY2d 758 [1967], remittitur amended 20 NY2d 737 [1967], 20 NY2d 759 [1967], cert denied 389 US 923 [1967]; Jazini v Nissan Motor Co., Ltd., 148 F3d 181, 184-185 [1998]).
All concur except Peradotto, J., who concurs in the result in the following memorandum